## UNITED STATES OF AMERICA

## IN THE WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

Derek Antol, individually and as next friend of      File No: 1:14-cv-
DSA, a minor, and T_ A, a minor, and
Samantha Conklin,
       Plaintiffs,

v.

Adam Dent, Karl Schmitz,                 Hon.
Phillip Marshall, Kate Strauss,          U.S. District Court Judge
Casey Bringedahl, Trooper Vogt,
Gregory A. Parolini,
WEMET Officer #1,
       Defendants,

_____/

J. Nicholas Bostic   P40653
Attorney for Plaintiffs
909 N. Washington Ave.
Lansing, MI 48906
(517) 706-0132

_____/

## COMPLAINT and JURY DEMAND

Plaintiffs, for their complaint, state:

1. This is a civil action seeking money damages and equitable relief for violations of the United States Constitution and federal statutes under 42 U.S.C. §1983 and state law claims.

2. Plaintiff Derek Antol is, and at all relevant times was, a competent adult and a resident of Muskegon County in the State of Michigan.

3. Plaintiff DSA is a minor (Date of Birth: xx/xx/xxxx), the biological child of Plaintiff Antol and at all relevant times was a resident of Muskegon County in the State of Michigan.

4. Plaintiff T_A is a minor (Date of Birth: xx/xx/xxxx) and biological child of Plaintiff Antol and at all relevant times was a resident of Muskegon County in the State of Michigan.

5. Plaintiff Samantha Conklin is, and at all relevant times was, a competent adult and a resident of Muskegon County in the State of Michigan.

6. Defendant Adam Dent is a police officer for the City of Muskegon assigned to the West Michigan Enforcement Team, his county of residence is unknown, and his place of conducting business is Muskegon County in the State of Michigan.

7. Defendant Karl Schmitz is a police officer for the Michigan State Police, is assigned to the 6th District Tobacco Tax Team, and his place of conducting business includes Muskegon County in the State of Michigan.

8. Defendant Phillip Marshall is a police officer assigned to the Western Michigan Enforcement Team, his county of residence is unknown, and his place of conducting business is Muskegon County in the State of Michigan.

9. Defendant Kate Strauss is a police officer for the Michigan State Police, is assigned to the Western Michigan Enforcement Team, her county of residence is unknown, and her place of conducting business is Muskegon County in the State of Michigan.

10. Casey Bringedahl is a police officer for the City of Musekgon, his county of residence is unknown, and his place of conducting business is Muskegon County in the State of Michigan.

11. Defendant Trooper Vogt is a police officer for the Michigan State Police, his county of residence is unknown, and his place of conducting business includes Muskegon County in the State of Michigan.

12. Defendant Gregoy A. Parolini is an agent of the Michigan Department of Treasury, his county of residence is unknown, and his place of conducting business includes Muskegon County in the State of Michigan.

13. Defendant WEMET Officer #1 is a police officer assigned to the Western Michigan Enforcement Team, his county of residence is unknown, and his place of conducting business is Muskegon County in the State of Michigan.

14.  This cause of action arose in Muskegon County and in the Western District of Michigan.

15.  At all times relevant to this matter, Defendants were acting under color of law.

16.  The damages exceed $25,000.00.

## GENERAL ALLEGATIONS

17.  Paragraphs 1-16 are incorporated herein by reference.

18.  On July 9, 2014, Defendants Schmitz, Marshall, Vogt, Parolini, and Straus entered the public portion of premises known as Deuces Wild Smoke Shop at 885 East Apple Avenue, Muskegon,Michigan.

19.  The building houses two entities and only the northern portion, Deuces Wild Smoke Shop is open to the public with the southern portion being restricted to license medical marihuana patients associated with licensed caregiver and Plaintiff Samantha Conklin.

20.  The southern portion has signs and locked doors prohibiting entry except when escorted by Ms. Conklin.

21.  The signs and locked doors in place in July 2014 were arranged so as to comply with developments of state law during 2013.

22.  Defendant Schmitz arrived with Michigan Department of Treasury Agent Gregory A. Parolini who was there ostensibly to conduct a tobacco tax inspection and claimed that he was with the 6th District Tobacco Tax Team.

23.  Defendants Schmitz, Marshall, Parolini, Vogt and Straus and other police officers yet to be identified demanded entry into the southern portion of the building.

24.  Plaintiff Conklin denied them entry and explained that it was not open to the public.

25.  Plaintiff Conklin was threatened with arrest if she did not consent.

26.  Plaintiff Conklin refused to grant consent and Defendants Schmitt, Marshall, Straus, Vogt

and the unknown officers walked past her and into the southern portion of the building.

27.   Once present, they observed medical marihuana which was lawfully possessed under state law.

28.   Defendant Straus interviewed Plaintiff Antol while at 885 E. Apple Avenue on July 9, 2014 during which interview he indicated that he owned and operated Deuces Wild Smoke Shop and that it was a completely separate entity from the operations in the southern portion of the building.

29.   Plaintiff Antol also informed Defendant Straus of the location of two residential properties one of which he was purchasing on land contract in his name and the other which he was purchasing on a land contract as co-signer with Plaintiff Conklin.

30.   Defendants Schmitz, Marshall and Straus then relayed their observations to Defendant Adam Dent and knew or should have known that there were two separate entities at 885 E. Apple Avenue and that the observations made by Defendants Scmitz, Marshall, and Straus were made while they were unlawfully present in the southern portion of the building.

31.   Defendant Dent prepared an affidavit for a search warrant and submitted it to a state court magistrate who authorized the search warrant for all three locations: 885 E. Apple Avenue, 423 Farr Road, and 1769 N. Green Creek Road.

32.   Defendant Dent failed to disclose that there were two separate business entities at 885 E. Apple and that Defendants Schmitz, Marshall, Vogt, and Straus unlawfully obtained their observations and information.

## COUNT I – UNLAWFUL SEARCH – NO WARRANT
(42 U.S.C. § 1983 - Fourth Amendment – E. Apple – initial entry)

33.   Paragraphs 1-32 are incorporated herein by reference.

34.   On July 9, 2014, Defendants Schmitz, Marshall, Vogt, and Straus unlawfully searched and entered the southern portion of the building operated by Plaintiff Conklin without a warrant, without probable cause and without an exception to the warrant requirement.

35.   The search of the southern portion of 885 E. Apple on July 9, 2014 was unreasonable.

36.   The search of the southern portion of 885 E. Apple on July 9, 2014 violated Plaintiff Samantha Conklin's right to privacy guaranteed by the Fourth Amendment to the United States Constitution.

37.   On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or supported by probable cause and a valid, recognized exception to the warrant requirement.

38.   No reasonably trained and experienced police officer would have believed that the entry and search of the southern portion of 885 E. Apple on July 9, 2014 was lawful.

39.   Plaintiff Conklin was damaged as a result of the unlawful search of southern portion of 885 E. Apple in that she suffered the loss of the protection of the Fourth Amendment to the United States Constitution and significant emotional distress due to being unable to provide her patients with relief from the pain, suffering, and debilitating medical conditions.

WHEREFORE, Plaintiff Conklin requests that this Court enter judgment in favor of Plaintiff and against Defendants Schmitz, Marshall, Vogt and Straus in an amount not less than $25,000.00 each.

## COUNT II - UNLAWFUL SEARCH  (42 U.S.C. § 1983)
(Fourth Amendment – invalid warrant – E. Apple Ave)

40.   Paragraphs 1 through 39 above are incorporated herein by reference.

41.   On July 9, 2014, Defendant Dent swore to the facts in an affidavit requesting a search warrant for the entire building at 885 E. Apple.

5

42.   Defendant Dent's affidavit failed to establish any nexus between the operations in the southern portion and the building and the northern portion of the building.

43.   Defendant Dent's affidavit falsely alleges and suggests that Defendant Antol's business operates in the southern portion of the building.

44.   Defendant Dent's affidavit utilizes the information unlawfully obtained by Defendants Schmitz, Marshall, Vogt, and Straus but fails to inform the state magistrate that all Defendants knew or should have known that the information was unlawfully acquired.

45.   The allegations in the affidavit fail to establish probable cause that evidence of any criminal activity was ongoing on July 9, 2014 at 885 E. Apple.

46.   Police officers certified in the State of Michigan are not empowered to enforce federal law.

47.   The search of 885 E. Apple by Defendants Schmitz, Marshall, Vogt, Straus, and Dent on July 9, 2014 was without a valid warrant supported by probable cause.

48.   The search of 885 E. Apple by Defendants Schmitz, Marshall, Vogt, Straus, and Dent on July 9, 2014 was without probable cause.

49.   The search of 885 E. Apple by Defendants Schmitz, Marshall, Vogt, Straus, and Dent on July 9, 2014 was without any valid exception to the warrant requirement of the Fourth Amendment.

50.   The search of 885 E. Apple by Defendants Schmitz, Marshall, Vogt, Straus, and Dent on July 9, 2014 was unreasonable.

51.   The search of 885 E. Apple by Defendants Schmitz, Marshall, Vogt, Straus, and Dent on July 9, 2014 violated Plaintiff Conklin's and Antol's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

52.  On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

53.  No reasonably trained and experienced police officer would have relied on the search warrant used on July 9, 2014 to search 885 E. Apple Avenue.

54.  No reasonably trained and experienced police officer would have believed that the search of 885 E. Apple by Defendants Schmitz, Marshall, Vogt, Straus, and Dent on July 9, 2014 was lawful.

55.  Plaintiff Conklin was damaged as a result of the unlawful search of 885 E. Apple Avenue in that she suffered the loss of the protection of the Fourth Amendment to the United States Constitution and the damages described above.

56.  Plaintiff Antol was damaged as a result of the unlawful search of 885 E. Apple Avenue on July 9, 2014 in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, emotional distress, and interruption to his lawful business operations in the northern portion of the building.

WHEREFORE, Plaintiffs Conklin and Antol request that this Court enter judgment in favor of Plaintiffs and against Defendants Schmitz, Marshall, Vogt, Straus, and Dent in an amount not less than $25,000.00.

## COUNT III - UNLAWFUL SEIZURE (42 U.S.C. § 1983)
(Fourth Amendment – 885 E. Apple Ave. - Antol)

57.  Plaintiff hereby incorporates paragraphs 1 through 56 above by reference.

58.  Defendant Dent seized surveillance/security equipment, case register receipts, $124.00 cash, an ASUS laptop computer, a Motorola Droid cell phone, and an IPhone 5 at E. Apple from Plaintiff Antol

7

59.  Plaintiff Antol had lawful possession of the seized items based.

60.  Plaintiff Antol did not give consent for the seizure of the listed items.

61.  Defendant Dent had no probable cause to seize the listed items.

62.  Defendant Dent had no court order authorizing the seizure of the listed items.

63.  Defendant Dent's seizure of the listed items was without any valid exception to the warrant requirement of the Fourth Amendment.

64.  Defendant Dent's seizure of the listed items on July 9, 2014 was unreasonable.

65.  Defendant Dent's seizure of the listed items on July 9, 2014 violated Plaintiff Antol's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

66.  On July 9, 2014, it was clearly established that a seizure had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

67.  No reasonably trained and experienced police officer would have believed that the seizure of the listed items on July 9, 2014 was lawful.

68.  Plaintiff Antol was damaged as a result of the unlawful seizure of the listed items in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, the loss of value of the items, significant emotional distress, anxiety, and mental anguish and interruption to his lawful business operations.

WHEREFORE, Plaintiff Antol requests that this Court enter judgment in favor of Plaintiff Antol and against Defendant Dent in an amount not less than $25,000.00.

### COUNT IV – UNLAWFUL SEIZURE (42 U.S.C. § 1983)
### (Fourth Amendment – 885 E. Apple Ave. - Conklin)

69.  Paragraphs 1 through 68 above are incorporated herein by reference.

70. Defendant Dent seized $1160.00 cash, a Motorola Droid cell phone and a Kel-Tec 9mm

pistol SN: REQ12 from E. Apple .($150.00).

71. Defendant Dent seized an ASUS laptop computer, a Motorola Droid cell phone, and an

IPhone 5 at E. Apple from Plaintiff Conklin.

72. Plaintiff Conklin had lawful possession of the seized items based.

73. Plaintiff Conklin did not give consent for the seizure of the listed items.

74. Defendant Dent had no probable cause to seize the listed items.

75. Defendant Dent had no court order authorizing the seizure of the listed items.

76. Defendant Dent's seizure of the listed items was without any valid exception to the

warrant requirement of the Fourth Amendment.

77. Defendant Dent's seizure of the listed items on July 9, 2014 was unreasonable.

78. Defendant Dent's seizure of the listed items on July 9, 2014 violated Plaintiff Conklin's

rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

79. On July 9, 2014, it was clearly established that a seizure had to be based on a valid and

judicially issued warrant or support by probable cause and a valid, recognized exception to the

warrant requirement.

80. No reasonably trained and experienced police officer would have believed that the

seizure of the listed items on July 9, 2014 was lawful.

81. Plaintiff Conklin was damaged as a result of the unlawful seizure of the listed items in

that she suffered the loss of the protection of the Fourth Amendment to the United States

Constitution, the loss of value of the items, significant emotional distress, anxiety, and mental

anguish.

WHEREFORE, Plaintiff Conklin requests this Honorable Court enter judgment for

Plaintiff Conklin and against Defendant Dent in an amount not less than $25,000.00.

## COUNT V – UNLAWFUL SEARCH – NO WARRANT
### (42 U.S.C. § 1983 - Fourth Amendment – E. Apple – initial entry)

82.  Paragraphs 1-81 are incorporated herein by reference.

83.   On July 9, 2014, Defendants Bringdedahl and WEMET Officer #1 unlawfully entered and the Green Creek address before the search warrant was obtained by Defendant Dent without a warrant, without probable cause and without an exception to the warrant requirement.

84.  In gaining entry, Defendants Bringedahl and WEMET Officer #1 broke down a closet door causing damage without a warrant, without probable cause, and without an exception to the warrant requirement.

85.  Plaintiff DSA was lawfully present at the time of the initial entry into the Green Creek address.

86.  The initial entry and search of the Green Creek address on July 9, 2014 violated Plaintiff Antol's and DSA's right to privacy guaranteed by the Fourth Amendment to the United States Constitution.

87.  On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or supported by probable cause and a valid, recognized exception to the warrant requirement.

88.  No reasonably trained and experienced police officer would have believed that the entry and search of the Green Creek address on July 9, 2014 was lawful.

89.  Plaintiffs Antol , DSA, and T_A were damaged as a result of the initial entry and unlawful search of the Green Creek address in that they suffered the loss of the protection of the Fourth Amendment to the United States Constitution and significant emotional distress due to the occupants being minors, and damage to the building.

WHEREFORE, Plaintiffs Antol, DSA, and TSA request that this Court enter judgment in favor of Plaintiff and against Defendants Bringedahl and WEMET Officer #1 in an amount not less than $25,000.00 each.

### COUNT VI – UNLAWFUL SEARCH  (42 U.S.C. § 1983)
(Fourth Amendment – invalid warrant – N. Green Creek)

90. Paragraphs 1 through 89 above are incorporated herein by reference.

91.  On July 9, 2014, Defendant Dent swore to the facts in an affidavit requesting a search warrant for the residential address of 1769 N. Green Creek.

92.  The Green Creek address was also used as the residence of Plaintiffs DSA and T_A, minors.

93.   Defendant Dent's affidavit failed to establish any nexus between the observations at 885 E. Apple and the Green Creek address.

94.   Defendant Dent's affidavit falsely alleges and suggests that Defendant Antol's business operates in the southern portion of the building at 885 E. Apple.

95.   Defendant Dent's affidavit utilizes the information unlawfully obtained by Defendants Schmitz, Marshall, Vogt, and Straus but fails to inform the state magistrate that all Defendant knew or should have known that the information was unlawfully acquired.

96.  The allegations in the affidavit fail to establish probable cause that evidence of any criminal activity was ongoing on July 9, 2014 at the Green Creek address.

97.  Police officers certified in the State of Michigan are not empowered to enforce federal law.

98.  The search of the Green Creek address caused by Defendant Dent and executed by Defendant Bringedahl on July 9, 2014 was without a valid warrant supported by probable cause.

99. The search of the Green Creek address caused by Defendant Dent and executed by Defendant Bringedahl on July 9, 2014 was without probable cause.

100. The search of the Green Creek address caused by Defendant Dent and executed by Defendant Bringedahl on July 9, 2014 was without any valid exception to the warrant requirement of the Fourth Amendment.

101. The search of the Green Creek address caused by Defendant Dent and executed by Defendant Bringedahl on July 9, 2014 was unreasonable.

102. The search of the Green Creek address caused by Defendant Dent and executed by Defendant Bringedahl on July 9, 2014 violated Plaintiff Antol's, DSA's and T_A's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

103. On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

104. No reasonably trained and experienced police officer would have relied on the search warrant used on July 9, 2014 to search the Green Creek address.

105. No reasonably trained and experienced police officer would have believed that the search of the Green Creek address caused by Defendant Dent and executed by Defendant Bringedahl on July 9, 2014 was lawful.

106. Plaintiffs Antol, DSA, and T_A were damaged as a result of the unlawful search of the Green Creek address in that they suffered the loss of the protection of the Fourth Amendment to the United States Constitution, significant emotional distress, the seizure of their property, and damage to the closet door.

WHEREFORE, Plaintiffs Antol, DSA, and T_A request that this Court enter judgment in favor of Plaintiffs and against Defendant Dent and Bringedahl in an amount not less than $25,000.00 each.

### COUNT VII - UNLAWFUL SEIZURE (42 U.S.C. § 1983)
(Fourth Amendment – Green Creek - Antol)

107. Plaintiff hereby incorporates paragraphs 1 through 106 above by reference.

108. Defendant Bringedahl seized $19, 209 in United States Currency  at the Green Creek address from Plaintiff Antol

109. Plaintiff Antol had lawful possession of the seized items based.

110. Plaintiff Antol did not give consent for the seizure of the listed items.

111. Defendant Dent had no probable cause to seize the listed items.

112. Defendant Dent had no court order authorizing the seizure of the listed items.

113. Defendant Dent's seizure of the listed items was without any valid exception to the warrant requirement of the Fourth Amendment.

114. Defendant Dent's seizure of the listed items on July 9, 2014 was unreasonable.

115. Defendant Dent's seizure of the listed items on July 9, 2014 violated Plaintiff Antol's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

116. On July 9, 2014, it was clearly established that a seizure had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

117. No reasonably trained and experienced police officer would have believed that the seizure of the listed items on July 9, 2014 was lawful.

118. Plaintiff Antol was damaged as a result of the unlawful seizure of the listed items in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution,

the loss of value of the items, significant emotional distress, anxiety, and mental anguish and interruption to his lawful business operations.

WHEREFORE, Plaintiff Antol requests that this Court enter judgment in favor of Plaintiff Antol and against Defendants Dent and Brignedahl in an amount not less than $25,000.00 each.

## COUNT VIII – UNREASONABLE UNLAWFUL SEIZURE (42 U.S.C. § 1983) (Fourth Amendment – Green Creek - DSA)

119. Paragraphs 1 through 118 above are incorporated herein by reference.

120. Defendant Bringedahl seized $1409.00 in United States currency at the Green Creek address from Plaintiff DSA.

121. Plaintiff DSA had lawful possession of the seized items based.

122. Plaintiff DSA did not give consent for the seizure of the listed items.

123. Defendant Dent had no probable cause to seize the listed items.

124. Defendant Dent had no court order authorizing the seizure of the listed items.

125. Defendant Dent's seizure of the listed items was without any valid exception to the warrant requirement of the Fourth Amendment.

126. Defendant Dent's seizure of the listed items on July 9, 2014 was unreasonable.

127. Defendant Dent's seizure of the listed items on July 9, 2014 violated Plaintiff DSA's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

128. On July 9, 2014, it was clearly established that a seizure had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

129. No reasonably trained and experienced police officer would have believed that the seizure of the listed items on July 9, 2014 was lawful.

130. Plaintiff DSA was damaged as a result of the unlawful seizure of the listed items in that he suffered the loss of the protection of the Fourth Amendment to the United States Constitution, the loss of value of the items, significant emotional distress, anxiety, and mental anguish .

## COUNT IX – UNLAWFUL SEARCH  (42 U.S.C. § 1983)
### (Fourth Amendment – invalid warrant – Farr Road – Conklin and Antol)

131.  Paragraphs 1 through 130 above are incorporated herein by reference.

132. On July 9, 2014, Defendant Dent swore to the facts in an affidavit requesting a search warrant for the residential address of 423 Farr Road.

133. Defendant Dent's affidavit failed to establish any nexus between the observations at 885 E. Apple and the Farr Road address.

134. Defendant Dent's affidavit falsely alleges and suggests that Defendant Antol's business operates in the southern portion of the building at E. Apple Avenue.

135. Defendant Dent's affidavit utilizes the information unlawfully obtained by Defendants Schmitz, Marshall and Straus but fails to inform the state magistrate that all Defendants knew or should have known that the information was unlawfully acquired.

136. The allegations in the affidavit fail to establish probable cause that evidence of any criminal activity was ongoing on July 9, 2014 at the Farr Road address.

137. Police officers certified in the State of Michigan are not empowered to enforce federal law.

138. The search of the Farr Road address caused by Defendant Dent and executed by an as yet unknown Defendant on July 9, 2014 was without a valid warrant supported by probable cause.

139. The search of the Farr Road address caused by Defendant Dent and executed by an unknown Defendant on July 9, 2014 was without probable cause.

140. The search of the Farr Road address caused by Defendant Dent and executed by an unknown Defendant on July 9, 2014 was without any valid exception to the warrant requirement of the Fourth Amendment.

141. The search of the Farr Road address caused by Defendant Dent and executed by an unknown Defendant on July 9, 2014 was unreasonable.

142. The search of the Farr Road address caused by Defendant Dent and executed by an unknown Defendant on July 9, 2014 violated Plaintiff Conklin's and Plaintiff Antol's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

143. On July 9, 2014, it was clearly established that a search had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

144. No reasonably trained and experienced police officer would have relied on the search warrant used on July 9, 2014 to search the Farr Road address.

145. No reasonably trained and experienced police officer would have believed that the search of the Farr Road address caused by Defendant Dent and executed by an unknown Defendant on July 9, 2014 was lawful.

146. Plaintiffs Conklin and Antol were damaged as a result of the unlawful search of the Farr Road address in that they suffered the loss of the protection of the Fourth Amendment to the United States Constitution, significant emotional distress, the seizure of their property, and damage to the doors and other portions of the structure.

WHEREFORE, Plaintiffs Conklin and Antol request that this Court enter judgment in favor of Plaintiffs and against Defendant Dent and an unknown Defendant in an amount not less than $25,000.00 each.

## COUNT X - UNLAWFUL SEIZURE (42 U.S.C. § 1983)
(Fourth Amendment – Farr Road - Conklin)

147. Plaintiff hereby incorporates paragraphs 1 through 146 above by reference.

148. Defendant Bringedahl seized scales, W-2 forms, a Great American double action revolver, a heating pad, and miscellaneous containers at the Farr Road address from Plaintiff Conklin.

149. Plaintiff Conklin had lawful possession of the seized items based.

150. Plaintiff Conklin did not give consent for the seizure of the listed items.

151. Defendant Dent had no probable cause to seize the listed items.

152. Defendant Dent had no court order authorizing the seizure of the listed items.

153. Defendant Dent's seizure of the listed items was without any valid exception to the warrant requirement of the Fourth Amendment.

154. Defendant Dent's seizure of the listed items on July 9, 2014 was unreasonable.

155. Defendant Dent's seizure of the listed items on July 9, 2014 violated Plaintiff Conklin's rights to privacy guaranteed by the Fourth Amendment to the United States Constitution.

156. On July 9, 2014, it was clearly established that a seizure had to be based on a valid and judicially issued warrant or support by probable cause and a valid, recognized exception to the warrant requirement.

157. No reasonably trained and experienced police officer would have believed that the seizure of the listed items on July 9, 2014 was lawful.

158. Plaintiff Conklin was damaged as a result of the unlawful seizure of the listed items in that she suffered the loss of the protection of the Fourth Amendment to the United States Constitution, the loss of value of the items, significant emotional distress, anxiety, and mental anguish.

WHEREFORE, Plaintiff Conklin requests that this Court enter judgment in favor of Plaintiff Conklin and against Defendants Dent and an unknown Defendant in an amount not less than $25,000.00 each.

**COUNT XI – UNREASONABLE SEIZURE/FALSE ARREST**
(42 U.S.C. § 1983 - Fourth Amendment)

159.  Paragraphs 1-158 are incorporated herein by reference.

160.  Plaintiff DSA was in his dwelling on July 9, 2014 when Defendant Bringedahl executed the unlawfully obtained warrant.

161. Defendant Bringedahl and others acting under his authority and pursuant to the unlawful warrant obtained by Defendant Dent ordered Plaintiff DSA from his bedroom at gunpoint, restricted his movements, and detained him while waiting for the search warrant to arrive.

162. The Fourth Amendment of the U.S. Constitution protects against unreasonable seizures of persons.

163.  Defendants Bringedahl and WEMET Officer #1 may only detain a citizen when there is a reasonable, articulable suspicion that criminal activity has occurred or is occurring.

164. Defendants Bringedahl and WEMET Officer #1 may only arrest or cause the arrest of someone with a warrant or probable cause.

165.  Defendants Bringedahl and WEMET Officer #1 did not have a reasonable, articulable suspicion or probable cause to detain or arrest Plaintiff DSA.

166.  On July 9, 2014, Defendants Bringedahl and WEMET Officer #1 caused the unlawful detention or arrest of Plaintiff DSA by ordering him to leave his bedroom and restricting his movements while waiting for and executing the search warrant knowing that a reasonable, articulable suspicion or probable cause were lacking.

167.   As of July 9, 2014, it was clearly established law that law enforcement officers who detain, arrest or cause the arrest of citizens without probable cause are violating the Fourth Amendment of the United States Constitution.

168.   On or about July 9, 2014, no reasonably trained law enforcement officer would have believed that probable cause for an arrest warrant existed under the circumstances in this case.

169.   The conduct of Defendants Bringedahl and WEMET Officer #1 caused Plaintiff DSA to be deprived of his liberty.

170. Plaintiff DSA was damaged by the conduct of Defendants Bringedahl and WEMET Officer #1 in that Plaintiff DSA suffered stress, anxiety, embarrassment, humiliation, and loss of liberty.

WHEREFORE, Plaintiff DSA requests that this Court enter judgment in favor of Plaintiff DSA and against Defendants Bringedahl and WEMET Officer #1 in an amount not less than $25,000.00 each.

### COUNT XII – FALSE ARREST
State Law

171.   Paragraphs 1-170 above are incorporated herein by reference.

172.   Defendants Bringedahl and WEMET Officer #1 did not have probable cause to arrest or detain Plaintiff DSA on July 9, 2014.

173. Defendants Bringedahl and WEMET Officer #1 did not have a warrant to arrest or detain Plaintiff DSA on July 9, 2014.

174.   The arrest or detention caused by Defendants Bringedahl and WEMET Officer #1 was unreasonable and in violation of the Fourth Amendment to the United States Constitution.

175.   As a result of the illegal arrest or detention, Plaintiff DSA suffered humiliation, anxiety, and loss of liberty.

WHEREFORE, Plaintiff DSA requests this Honorable Court enter judgment for Plaintiff DSA and against Defendants Bringedahl and WEMET Officer #1 in an amount not less than $25,000.00 each.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that judgment enter for Plaintiffs and

1. against all Defendants as specified in an amount not less than as stated and proven in the individual counts as asserted above;

2. against all individual Defendants for exemplary damages in an amount not less than $25,000.00 each;

3. against all Defendants for attorney fees as allowed by 42 USC §1988;

4. against all Defendants for interest on the award to the date of filing of this complaint;

5. granting such other relief as allowed by law.

VERIFICATION AND SIGNATURE BY PARTY:

I have read the above allegations and verify that they are true to the best of my information, knowledge, and belief.

_____
Date

Samantha Conklin
Plaintiff

I have read paragraphs the above allegations and verify that they are true to the best of my information, knowledge, and belief.

_____
Date

_____
Derek Antol, individually and as next
friend for DSA and T_A,
Plaintiffs

20

SIGNATURE BY ATTORNEY:

7/28/2014                                        /s/ J. Nicholas Bostic
Date                                             J. Nicholas Bostic P40653
                                                 Attorney for Plaintiffs

## **JURY DEMAND**

     Plaintiffs hereby demand trial by jury on all counts.


7/28/2014                                        /s/ J. Nicholas Bostic
                                                 J. Nicholas Bostic P40653
                                                 Attorney for Plaintiffs
                                                 909 N. Washington Ave.
                                                 Lansing, MI  48933